```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID F. MARTIN,
                       Plaintiff,           05-CV-6474T
v.

GARY J. MICHALSKI                           DECISION
Settlement Officer,                         and ORDER
Internal Revenue Service

                       Defendant.
_____
```

## INTRODUCTION

Plaintiff David F. Martin ("Martin") brings this action pro se against defendant Gary Michalski, (Michalski) a Settlement Officer employed by the United States Internal Revenue Service ("IRS") seeking review of the IRS's determination that he owed income taxes for tax year 2001.  Plaintiff, who earned income that year but did not file a tax return or pay taxes on the earned income, claims in his Complaint, inter alia, that the IRS could not properly assess taxes against him because he did not file a tax return, and therefore any document purporting to show that he earned income or owed taxes for tax year 2001 is hearsay, and can not be relied upon by the IRS.  In his Memorandum in Support of his Complaint, plaintiff contends that there is no federal law or regulation that makes him liable for income tax.

By motion dated November 18, 2005, defendant moves to dismiss plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on grounds that this court lacks subject

matter jurisdiction over the dispute.  Specifically, defendant contends that the Government has not waived its sovereign immunity with respect to the claim brought by the plaintiff, and because it has not consented to being sued in federal court, this court lacks jurisdiction over the dispute.

Plaintiff failed to appear for argument of the motion to dismiss, which was scheduled for 9:00 a.m. on December 21, 2005. Plaintiff had been notified of the argument date via first class mail issued by the court, and also by defendant's notice of motion which was served upon the plaintiff via first class mail.  On December 21, 2005, at 9:15 a.m., and again at 9:30 a.m., plaintiff's case was called in open court, at which time plaintiff failed to appear.  The case was also called in the courthouse corridor by a Court Security Officer, and again, plaintiff failed to appear.

## DISCUSSION

It is well established the United States Tax Court has exclusive jurisdiction over disputes regarding alleged income tax deficiencies.  Cipolla v. I.R.S., 2003 WL 22952617 (E.D.N.Y. Nov. 5, 2003) Specifically, 26 U.S.C. § 6330(d)(1) provides that aggrieved persons wishing to appeal an I.R.S. determination must do so before the United States Tax Court, unless the Tax Court lacks jurisdiction over the matter.  The Tax Court, however, has jurisdiction to hear appeals from notices of deficiency, and

therefore, the Tax Court has exclusive jurisdiction over the instant dispute, in which plaintiff contends that he does not owe any income tax for tax year 2001.  See Farenga v. U.S., 2004 WL 1005234 (N.D.N.Y., Mar. 22, 2004)("The United States Tax Court has exclusive jurisdiction to review the Commissioner of Internal Revenue's deficiency assessments, but not to review penalties that can be assessed without a notice of deficiency.") In this case, the record reveals that the plaintiff is seeking to appeal an August 11, 2005 Notice of Determination Concerning Collection Action(s) under 6330 issued by the IRS.  See Attachment "A" to the Affidavit of Gary Michalski.  The Notice of Determination indicates that the unpaid tax at issue is in an amount less than $50,000. Id.  Because the tax amount in dispute is less than $50,000, the Tax Court has exclusive jurisdiction over the plaintiff's claims pursuant to 26 U.S.C. § 6330(d)(1)(A).  Accordingly, because this court lacks jurisdiction to adjudicate plaintiff's claims, I grant the defendant's motion to dismiss, and dismiss plaintiff's Complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

DATED:   Rochester, New York
         December 21, 2005